916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
C. Frederick FRICK and Patricia B. Frick, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-2948.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1990.*
Decided Oct. 18, 1990.
 
 Before BAUER, Chief Circuit Judge, and POSNER, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner C. Frederick Frick appeals from a decision by the tax court upholding the determination of the Commissioner of Internal Revenue regarding taxes and penalties owed by Frick. The issues before the tax court concerned Frick's ability to deduct investor, automobile, and home office expenses, partnership loss, contributions to a Keogh plan and an individual retirement account, and his liability for excise taxes and additions to tax. Stipulations at trial established that for thirty-five years, including the tax years at issue, Frick had invested personal funds in struggling businesses and had derived income from that activity as well as from investments in stocks, bonds, bank accounts and real property. The tax court found that Frick had not provided investment advice to others at any time.
 
 
 2
 The record also indicated that Frick contributed to a Keogh plan from 1977 through 1983. The 1977 contribution was denied in part, and the 1978 contribution was denied entirely, by the tax court in earlier cases which were affirmed by this court in unpublished orders. Moreover, the contributions from 1978-81 were disallowed in a case which was dismissed by the tax court for failure to properly prosecute. Frick also contributed to an IRA for 1982 through 1984, but failed to file the returns required to be filed by IRA owners. Finally, Frick claimed deductions for automobile, home office and "investor" expenses in 1982, and claimed losses from a partnership called Ocean Data, Inc., in the same year. The Commissioner disallowed all of those deductions, and determined that Frick owed an excise tax for excess contributions to the IRA and Keogh plan. Secs. 4973, 4972. In addition, the Commissioner determined that Frick was liable for additions to tax because of failure to timely file excise tax returns, Sec. 6651(a)(1), negligence, Secs. 6653(a)(1) & 6653(a)(2), and failure to pay estimated taxes, Sec. 6654. In the tax court, Commissioner conceded that Frick was not liable for any addition to tax under Sec. 6661 or 6651(a)(1) regarding income tax returns.[1]
 
 
 3
 As the tax court and both parties recognized, resolution of many of the issues hinges upon the determination of whether Frick was engaged in a trade or business. Specifically, Frick is not entitled to deduction for investor or home office expenses if his investment activities do not constitute a trade or business under the Internal Revenue Code (the Code). Moreover, Frick's contributions to a Keogh plan are impermissible if he is not self-employed in a trade or business.
 
 
 4
 The Supreme Court recently addressed the meaning of the trade or business requirement of section 162(a) of the Code. Commissioner of Internal Revenue v. Groetzinger, 107 S.Ct. 980 (1987). In Groetzinger, the Court reviewed its prior decisions interpreting the "trade or business" language, and concluded that expenses incident to caring for one's own investments are not deductible as incurred in a trade or business even if pursued full-time. 107 S.Ct. at 985. The Court declared in that case that its precedents indicated that the opposite conclusion could follow for an active trader, and held that gambling could constitute a trade or business if pursued full time with regularity to the production of income for a livelihood. 107 S.Ct. at 985, 988. The tax court held that Frick failed to demonstrate that his investment activity constituted a trade or business under that definition. That conclusion is well-supported by the record in this case. The investment activity described by Frick constituted the kind of personal investment activity which the Supreme Court in Higgins v. Commissioner of Internal Revenue, 312 U.S. 212 (1941), found as insufficient to constitute a trade or business under the Code. That decision was reaffirmed in Groetzinger, and is controlling in this case.
 
 
 5
 Because Frick's activity failed to meet the trade or business requirement of the Code, he could not qualify for the home office deduction, and was not qualified to contribute to the Keogh plan and the IRA. The excise tax resulting from excess contributions to the Keogh plan was proper as well because no contributions to the Keogh plan were proper.
 
 
 6
 The objections left are also without merit. Frick wholly failed to substantiate the automobile and investor expense deductions. His unsupported assertions that the expenses were incurred for business purposes or in connection with investment activities is insufficient to meet the burden under the Code and its regulations. See Code Sec. 274(d); Income Tax Regs. 1-274-5(b). His claim regarding partnership losses was properly disallowed based upon the same failure to substantiate the claim.
 
 
 7
 Frick also alleges that the tax court forgot to give him credit for tax paid on the returns of 1983 and 1984. We can find no support for this contention in the record. The figures set forth in the tax court opinion mirror the figures on the IRS forms in the record, and were determined after subtracting the tax paid for those years. Frick did not contest those figures before the tax court, and therefore his claim is meritless. Frick does not adequately raise any other challenges to the decision of the tax court. Accordingly, the decision of the tax court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Frick asserts on appeal that the Commissioner erred in determining the amounts owed, not just in determining the existence of the liability. This argument was not presented to the tax court, and cannot be considered on appeal